PUSTAY v GENTELIA

Docket No. 48636. Submitted December 5, 1980, at Lansing.—Decided March 4, 1981. Leave to appeal applied for.

Mabel L. Pustay brought an action against Dorothy J. Gentelia for injuries sustained in an automobile accident in a parking lot. Following discovery, Westgate Partnership, Ann Arbor Trust Company, and William Stein were added as defendants. The trial court, prior to trial, ruled that plaintiff was required to prove injuries compensable under the no-fault act and so instructed the jury. The jury returned a verdict for defendants, Washtenaw Circuit Court, Harold E. Van Domelen, J. Plaintiff appeals, alleging that the trial court erred in applying the proof requirements of the no-fault act to her claim against the defendants responsible for maintaining the parking lot and in refusing to allow introduction of evidence of economic damages. *Held:*

1. The trial court erred in requiring plaintiff to prove serious impairment of bodily function in order to recover from all defendants. The no-fault act requirements did not apply to those defendants whose liability would arise out of the negligent maintenance of the parking lot.

2. The trial court erred in refusing to allow the introduction of evidence of economic damages occasioned by the failure to maintain a safe parking area which plaintiff would be entitled to recover.

3. Plaintiff did not waive her right to economic damages.

4. The record reveals that there was evidence to support plaintiff's contention that parking lot stop signs were blocked by piles of snow.

Affirmed in part, reversed in part.

1. Torts — Automobiles — Parking Lots — No-Fault Act — Statutes.

The no-fault act comprehensively covers only tort liability arising

References for Points in Headnote
[1] 7 Am Jur 2d (Rev), Automobile Insurance § 349.
Liability of owner or operator of parking lot for personal injuries allegedly resulting from condition of premises. 38 ALR3d 10.

out of the ownership, maintenance, or use of motor vehicles and does not extend to tort liability arising out of negligent maintenance of a parking lot, and a plaintiff thus need not prove serious impairment of bodily function to recover for such negligent maintenance (MCL 500.3135; MSA 24.13135).

*Robert F. Ponte,* for plaintiff.

*Glendon & Evashevski, P.C.,* for defendant William Stein.

*Fox & Fletcher, P.C.* (by *William C. Schaefer),* for defendant Ann Arbor Trust Company.

Before: DANHOF, C.J., and M. F. CAVANAGH and MACKENZIE, JJ.

DANHOF, C.J. This appeal stems from a February 9, 1976, automobile collision at an intersection in a shopping center parking lot. Plaintiff, the driver of one of the vehicles, brought an action against defendant Dorothy Schmidt Gentelia, the driver of the other vehicle, claiming that defendant Gentelia caused the accident by negligently running a stop sign at the intersection. In response to plaintiff's interrogatories, defendant Gentelia stated that her view of the stop sign at the intersection was blocked by piled snow. Plaintiff subsequently amended her complaint, adding defendants Westgate Partnership, the shopping center owner, Ann Arbor Trust Company, the management company, and William Stein, the contractor in charge of parking lot snow removal. Plaintiff claimed that these defendants were negligent in allowing the obstruction of the stop sign by piled snow.

Prior to trial, the court ruled that plaintiff was required by § 3135 of the no-fault act, MCL 500.3135; MSA 24.13135, to prove that her injuries resulted in serious impairment of bodily function

or permanent serious disfigurement in order to recover damages for noneconomic losses from any of the defendants. The jury was instructed accordingly, and it returned a verdict in favor of all defendants. Following the denial of her motion for new trial, plaintiff appeals as of right.

Plaintiff first argues that the trial court erred in applying the "serious impairment of bodily function" requirment of the no-fault act to her claim against the defendants allegedly responsible for the accident because of their failure to maintain a safe parking lot. Relevant case law includes *Citizens Ins Co of America v Tuttle*, 96 Mich App 763, 766; 294 NW2d 224 (1980), where the plaintiff brought an action seeking recovery for damages resulting from a collision between his truck and defendant's cow which had wandered onto the highway. The trial court granted summary judgment for the defendant, and, on appeal, this Court affirmed, stating:

"Thus, the issue is to what extent the Legislature intended to abolish tort liability under MCL 500.3135; MSA 24.13135. If we determine that the Legislature intended that, aside from the enumerated exceptions, tort liability is to be precluded *whenever an automobile is involved in any way, even if the cause of the accident could in no way be attributed to the vehicle,* we must affirm the ruling of the trial court. We determine that the Legislature did so intend and affirm." (Emphasis added.)

In *Schwark v Lilly,* 91 Mich App 189; 283 NW2d 684 (1979), a different panel of this Court reached the opposite conclusion. The case arose from an automobile collision in which plaintiff's wife was killed. He sued the driver of the other vehicle and the owners of lounges in which the defendant driver had been drinking prior to the accident.

The suit against the bar owners was based on the dramshop act, MCL 436.22; MSA 18.993. In addressing the question of the applicability of the no-fault act's reimbursement provision, the Court stated:

"In enacting the no-fault act the Legislature addressed only one type of tort liability. The act comprehensively covers only tort liability arising out of the ownership, maintenance or use of motor vehicles. To extend its provisions to liability arising outside its intended scope would circumvent the legislative process." *Id.,* 202-203.

We choose to follow the reasoning in *Schwark* and hold that the trial court erred in ruling that plaintiff had to prove serious impairment of bodily function in order to recover from all of the defendants in the instant case. The no-fault act did not apply to plaintiff's claim against defendants Ann Arbor Trust Company and William Stein[1] whose liability, if any, would arise out of negligent maintenance of the parking lot and not the ownership, maintenance, or use of an automobile. The interpretation of the statute adopted in *Tuttle* could lead to far-reaching and unfair consequences. For example, the serious-impairment requirment might restrict the plaintiff's right to bring a products-liability action against an automobile manufacturer where a defect in the vehicle results in injury. Furthermore, a plaintiff could be denied recovery of damages from the state under MCL 691.1402; MSA 3.996(102) for negligent maintenance of a highway.

Plaintiff's next argument is that she is entitled to recover for economic damages caused by the

---

[1] Westgate Partnership was dismissed as a party defendant by stipulation.

failure of defendants to maintain a safe parking area. The trial court apparently based its refusal to allow the introduction of evidence of such damages on the no-fault act, but in view of our disposition of the first issue we must agree with plaintiff.

We find no merit in the argument of defendants Ann Arbor Trust Company and William Stein that plaintiff waived her right to economic damages. Furthermore, the record does not support the claim of these defendants that there was no evidence that the stop signs in the parking lot were blocked by piles of snow. The jury verdict in favor of defendant Gentelia is affirmed, and the verdict against the other defendants is reversed.

Affirmed in part; reversed in part.